ELIAS LAW GROUP

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

August 25, 2026

**VIA CM/ECF**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

Re: Notice of Supplemental Authority
*March For Our Lives Idaho, et al., v. McGrane*, No. 24-6376
Argued September 17, 2025 (Fletcher, Gould, de Alba)

Dear Clerk Dwyer:

Pursuant to Rule 28(j) and Circuit Rule 28-6, Plaintiffs-Appellants submit as additional authority *Arizona Alliance for Retired Americans v. Mayes*, No. 22-16490, 2026 WL 2277101 (9th Cir. Aug. 7, 2026) (en banc), and *Grant v. Belangia*, No. 25-1413, 2026 WL 2409681 (4th Cir. Aug. 18, 2026).

*Mayes* does not alter the standing analysis here because it simply applies organizational standing principles from *FDA v. Alliance for Hippocratic Med.*, 602 U.S. 367 (2024), and *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982). *See Mayes*, 2026 WL 2277101, at *5-7. It

holds that an organization has standing to challenge conduct that directly affects and interferes with the organization's core activities. *Id.* at *7. Here, the challenged laws directly make MFOL Idaho's core activities of registering and mobilizing student voters harder. Opening Br. 13-18; Reply Br. 5. By reallocating its resources to address these problems, MFOL Idaho was not "spending" its way into standing—it was diverting resources in response to real, direct, and non-speculative harms imposed by the challenged laws. Opening Br. 14-18; Reply Br. 5. *Mayes* confirms that no more is required.

In *Grant*, the Fourth Circuit held that South Carolina's absentee voting law, which facially discriminates based on age, violates the Twenty-Sixth Amendment. *Grant*, 2026 WL 2409681, at *5. The court held that, as MFOL Idaho argues here, the Twenty-Sixth Amendment mirrors and "should be construed in harmony" with the Fifteenth, Nineteenth, and Twenty-Fourth Amendments as an anti-discrimination provision. *Id.* at *5-6. The Fourth Circuit rejected other circuits' anti-retrogression framework and materiality requirements to hold that "a voting law … [that] make[s] it harder for one group to vote than another because of their age" violates the Twenty-Sixth Amendment. *Id.* at *8-12.

This holding is consistent with MFOL Idaho's position that the challenged laws violate the Twenty-Sixth Amendment because they were adopted to discriminate against young voters based on their age.

The Court previously vacated submission of this case after oral argument pending *Mayes*. It should resubmit the case to the existing panel, decide it on the existing briefs and argument, and reverse.

Respectfully submitted,

/s/ *David R. Fox*
David R. Fox
Counsel for Plaintiffs-Appellants

## CERTIFICATE OF COMPLIANCE AND SERVICE

I hereby certify, in accordance with Rule 28(j) of the Federal Rules of Appellate Procedure, that this letter complies with the type-volume requirements and that the body of the letter contains 344 words.

I hereby certify that I electronically filed the attached document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 25, 2026.

/s/ *David R. Fox*
David R. Fox